Thurs Box Company, Inc., and others, Respondents, vs. Marathon County, Appellant.

*December 5, 1939—January 16, 1940.*

388

The cause was submitted for the appellant on the brief of
*E. E. Hohman,* district attorney, and for the respondents
on that of *Clarence E. Barto* and *James A. Riley,* both of
Wausau.

ROSENBERRY, C. J.   The defendant contends that question 1 of the special verdict was improperly framed.   It is the contention of the defendant that the defendant's request that the following question be submitted should have been complied with and that failure to do so was error:

"Was the capacity as a multiple-opening drain sufficient to provide for the drainage of surface water reasonably to be expected?"

We can see no material difference between question 1 as submitted and the question requested by the defendant. Each question inquires as to the sufficiency of the multiple-opening drain "to take care of surface water reasonably to be expected."

The defendant further contends that under the provisions of sec. 88.38 (1) and (2), Stats., printed in the margin,[1] the defendant is not under a duty to make provision for an unnatural or extraordinary flow of water.   In submitting question 1 to the jury, the court gave the following instruction:

"The law provides that whenever any county shall construct and maintain any public highway or road grade across any natural depression over which surface water naturally

---

[1] "88.38   (1) Whenever any county, town, city, village or railway company shall have heretofore constructed and now maintains or hereafter shall construct and maintain any public highway or road grade through, over and across any marsh, lowland or other natural depression over or through which surface water naturally flows and percolates, and the stopping of the said flow and percolation of said water by said highway or road grade causes any crop or land to be flooded, watersoaked or otherwise damaged, such county, town, city, village or railway company shall construct, provide and at all times maintain a sufficient ditch or ditches, culverts or other outlets to allow the free and unobstructed flow and percolation of said water from said lands, and to prevent said lands from becoming flooded, watersoaked or otherwise damaged by said water.   Provided, however, that the foregoing shall not apply to public highways or road grades now or hereafter used to hold and retain water for cranberry purposes.

"(2) Any county, town, city, village or railway company which shall fail to provide such necessary ditches or culverts or other outlets shall be liable for all damages caused by reason of such failure or neglect."

flows, and the stopping of the said flow by said highway or road grade causes any land to be flooded or otherwise damaged, such county shall construct, provide, and at all times maintain sufficient culverts to allow free and unobstructed flow of said water from said lands and to prevent said lands from being flooded or otherwise damaged by such water. Failure so to do constitutes negligence and shall subject the county to liability for all damages caused by reason of such failure or neglect.

"You will notice that the question for you to answer refers to inadequate drainage of surface water reasonably to be expected at the point in question. You are instructed that the municipality must provide drains which are sufficient to conduct away in safety the rainfall of ordinary storms, such freshets as usually occur in this climate. This duty does not extend to the providing against any extraordinary rainfall or unusual freshet, such as does not occur but once in a series of years, which persons of ordinary prudence would not think of guarding against."

The instruction correctly stated the applicable rule of law, and we see no basis upon which the defendant can make the contention that in order to apply the rule laid down in sec. 88.38, Stats., to this case, it would be necessary for the trial court to read into the statute a provision that the county was liable for an unnatural or extraordinary flow of water. The reference of counsel for defendant to the long-established rule that, in the absence of statutory provision to the contrary, a municipality engaged in the discharge of a governmental function is not liable for resulting damage, is beside the point for the reason that the statute prescribes the conditions of liability. The defendant was not held liable in this case because of its failure to provide for an unprecedented and extraordinary flow of water but because it failed to provide for the drainage of surface water which was reasonably to be expected at the point in question.

It is apparent from the record that a legitimate question might have been raised in the court below with respect to the

misjoinder of causes of action. No attempt was made to raise the question and in any event the rights of the defendant were in no way prejudiced. No question of misjoinder having been raised in the court below, it was waived. *Huffman v. Hatcher* (1917), 178 Ky. 8, 198 S. W. 236, L. R. A. 1918B, 484; *Barney v. Latham* (1881), 103 U. S. 205, 26 L. Ed. 514.

*By the Court.*—Judgment affirmed.